**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSSELENE POLIDOR,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, *et al.*,<br>Respondents. | Case No. 26-cv-05262-BAS-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Josselene Polidor filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming she was improperly detained after she was paroled into the United States. (ECF No. 1.) The Government filed a Return stating that, based on the Court's past decisions, it "does not oppose the petition" and defers to the Court as to the appropriate relief. (ECF No. 4.) Petitioner filed a Traverse reiterating the request for immediate release. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as she was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II. STATEMENT OF FACTS

On August 2, 2022, Petitioner, a citizen of Haiti, presented herself at a Port of Entry seeking asylum. (Pet. ¶¶ 4, 31, ECF No. 1.) Immigration and Customs Enforcement ("ICE") paroled her into the United States the same day, finding she was not a risk of flight or a danger to the community. (*Id.*) For four years, she complied with all ICE requirements, missed no immigration hearings, and had no criminal issues. (*Id.* ¶ 5.)

On September 9, 2026, ICE rearrested her while she was dropping her children off at school. (Pet. ¶ 6.) At first, Petitioner did not realize the cars blocking her in belonged to immigration officers. (*Id.* ¶ 41.) The immigration officers did not identify themselves. (*Id.*) Frightened, she ran from the car to a nearby construction site seeking help. (*Id.*) The immigration officers pursued her, put her on the ground, and handcuffed her, at which time she realized they were immigration officers. (*Id.*) Although the Government identified a warrant it claims was obtained at the time of her arrest, Petitioner claims she was given no notice of any warrant. (*Id.* ¶ 43.) No reason has been given for the change in her parole status. (ECF No. 4.)

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard, and without noticeably changed circumstances, violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in

continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because ICE released Petitioner upon finding she was not a flight risk or a danger to the community on August 2, 2022, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as she was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

//

//

//

//

//

//

//

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Josselene Polidor (A# 241-839-118) be released on the same terms and conditions on which she was previously released on August 2, 2022.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**